WILLIAM J. RUTLEDGE, Appellant, *v.* CITY OF NEW YORK, Respondent.

First Department, March 17, 1939.

*Arthur K. Wing* of counsel [*George S. Wing* with him on the brief; *Wing & Wing*, attorneys], for the appellant.

*Charles E. Ramsgate* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondent.

CALLAHAN, J. This action was brought to recover damages for personal injuries sustained by the plaintiff as a result of the alleged negligence of the defendant in permitting a motor truck of the sanitation department of the defendant to be stationed on the public street in the night time, without having a rear light thereon, as required by law.

On January 5, 1934, shortly before midnight, plaintiff was riding with a companion in an automobile owned by the plaintiff and driven by his companion, north on Broadway near Two Hundred and Fifty-fourth street in the city of New York. The vicinity in question was sparsely settled, in that on one side of Broadway was located a city park, and on the other side vacant land. The weather was wet and sleet was beginning to fall. Visibility was not good. Plaintiff's car was proceeding at a moderate rate of speed on the right-hand side of the road about eight feet from the right-hand curb. It had a windshield wiper in operation in front of the driver. According to plaintiff's version, there suddenly loomed up in front of plaintiff's car the defendant's truck, which was stationed about six feet from the right-hand curb. A collision ensued, and as a result thereof plaintiff suffered injuries resulting in the loss of his left eye.

It appears that the truck of the defendant involved in the accident was the last of three trucks which were standing in line waiting to make a right turn into a city dump situated nearby.

There was a sharp dispute as to whether there was any light on the rear of the truck with which plaintiff's car collided, and as to whether the truck was standing near the curb or some distance out in the roadway.

The roadway of Broadway at the place in question was sixty feet wide. Two car tracks were located in the middle of Broadway. The easterly, or north-bound portion, of the roadway was twenty-two feet and eight inches in width from the easterly curb to the most easterly rail of the car tracks. The rear of the defendant's truck was almost eight feet wide.

Under the circumstances, the issues of defendant's negligence and plaintiff's freedom from contributory negligence were for the jury. We think, however, that the trial court in its charge improperly narrowed the question of defendant's negligence. In its main charge the court advised the jury: " The traffic law provides as to carrying lights on the rear of a vehicle and also as to lights on the front of a vehicle, and the obvious reason for that is to get away from the danger of collision and knocking people over."

In its main charge the court made no mention, however, of any applicable statute or ordinance, nor did it advise the jury of the legal effect of a violation thereof. At the end of the main charge, plaintiff's counsel made the following requests to charge:

" Mr. Wing: I ask your Honor to charge that if the jury finds from the evidence that this truck stood there on the street without lights at the back of it, as provided by statute, then that is *prima facie* evidence of negligence in the operation of the truck.

" The Court: That I cannot charge, unless you add to it: Provided there was no room for him to pass without hitting the truck.

" Mr. Wing: May I call your Honor's attention to *Martin* v. *Herzog* [228 N. Y. 164, 167]? I have it right here. That is the wording of that case.

" The Court: Of course, as a general statement that is correct, but I have charged, and you may have an exception to my amendment, but that is the charge.

" Mr. Wing: I except to your Honor's refusal to charge as requested and to the charge as made. I ask your Honor to charge the jury that even if the jury find that this truck was up against the curb, that if it was unlighted at the rear, then that was evidence of negligence on the part of the operator of the truck.

" The Court: That must be refused except with the amendment: that if there was room for the plaintiff to pass, then it would not make any difference.

" Mr. Wing: I except to your Honor's refusal to charge as requested and the charge as given. I ask your Honor to charge that as far as the negligence of the defendant is concerned, whether there was room to pass on either side is not important; that if the truck was standing unlighted on the street, that is evidence of negligence.

"The Court: Denied.

"Mr. Wing: Exception."

Plaintiff relied on the alleged violation of a city ordinance (Code of Ordinances of the City of New York, 1934, chap. 24, § 12, subd. 2), which provides as follows: "Every motor vehicle, except motor cycles, shall exhibit, during the period specified in the preceding subdivision [between sunset and sunrise] 2 white lights, visible at a distance of 300 feet in the direction toward which the vehicle is proceeding, and shall also exhibit a red light, visible in the reverse direction."

The defendant's truck was facing north and the rear end thereof was turned in plaintiff's direction. While it was stationary at the time of the accident, it was awaiting an opportunity to move ahead when the truck in front of it turned into the dump.

We think that the defendant's truck was "proceeding" in a northerly direction under the circumstances.

Assuming that the absence of a light on the truck was a violation of a local ordinance and that the language of the first request was too broad to cover a situation where a local ordinance applied, the subsequent requests to charge remedied such error. They were correctly framed, in that they asked instructions that absence of light was evidence of negligence. (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349.) But aside from the form of the requests to charge, we deem that the trial court erred in the limitation it placed on the province of the jury by the responses made to plaintiff's requests.

To instruct the jury that, if there was room for plaintiff's car to pass the truck, it would not make any difference whether the truck was lighted or unlighted, was, in effect, to remove the absence of a rear light as a factor on which a finding of negligence might be predicated. The evidence in the case shows that there was ample room for plaintiff's car to pass the truck on the left, and, therefore, the court's charge was tantamount to a direction of a verdict in defendant's favor. That there was room for plaintiff's car to pass defendant's truck, if it had observed the truck in time to veer to the left, could have been considered by the jury in determining the questions of negligence. But the existence of sufficient room to pass would not prevent the jury from finding the defendant negligent if it found that the truck bore no light, and the absence of the light was a proximate cause of the collision. The instructions so given warrant reversal of the judgment.

The respondent seeks to uphold the judgment by contending that the plaintiff was guilty of contributory negligence as a matter of law. It claims that the evidence disclosed that the driver of

plaintiff's car was violating subdivision 3 of section 15 of the Vehicle and Traffic Law, in proceeding without headlights of sufficient power to illuminate the road for a distance of 200 feet ahead. Defendant bases its claim upon the testimony of plaintiff's witnesses that plaintiff's car had its dim light lit and visibility was not clear for more than fifteen feet ahead.

By reason of the limitations contained in the section and the conditions testified to at the time of the accident, we may not say as a matter of law that the section was being violated. At most that question was for the jury.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

O'MALLEY, TOWNLEY, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.