MICHAEL HANRATTY, an Infant, by JOHN HANRATTY, His Guardian ad Litem, et al., Respondents, *v.* BRIDGET BARTLEY et al., Appellants.

First Department, December 22, 1944.

*Patrick E. Gibbons* of counsel (*E. C. Sherwood,* attorney), for appellants.

*Jacob J. Milman* for respondents.

*Per Curiam.* Plaintiffs have recovered judgment based on a jury verdict determining that defendants' automobile was negligently operated upon a New York City street. The accident occurred on October 26, 1941, about 8:30 P.M. after darkness had set in. The locale of the accident was in a densely populated area. One of plaintiffs' specifications of negligence was that defendants' automobile was improperly lighted.

At plaintiffs' request, the trial court charged that the jury might determine whether a violation of subdivision 3 of section 15 of the Vehicle and Traffic Law had occurred. The court advised the jury that if it found that such violation had been the proximate cause of the accident "defendant is bound under the provisions of that statute." But the only portions of the subdivision which had been read to the jury were those stating that multiple beam headlights, when required to be used, shall have certain designated powers of illumination. Other portions of the subdivision expressly provide (1) that the requirements for lighted headlamps are only to apply where highways are not so lighted as to reveal persons and substantial objects 350 feet distant, and (2) that whenever the highway is so lighted or traffic thereon is such that illumination for more than 200 feet ahead of a vehicle by lights on such vehicle is unnecessary or impracticable, the headlamps of the multiple beam type shall be operated with the lowermost distribution of light in use.

On this appeal appellants do not raise any issue as to the application of Vehicle and Traffic Law, section 15. Although ample opportunity was afforded, no attempt was made at the trial to establish the existence and application of other requirements by local regulations or ordinances. Accordingly, we have assumed the application of the Act as the law of the case now before us.

Here defendants' car was traveling with the "dim" or lowermost lights. There was varying testimony as to the location of and illumination afforded by street lights at the time and place of the accident. Accordingly, all the relevant provisions of the subdivision should have been read, and the jury should have been instructed first to ascertain what the general conditions as to light were, and then to determine what headlamps were required to be in use under the subdivision. (See *Rutledge* v. *City of New York,* 256 App. Div. 515.) If, after making this preliminary determination, the jury found that a violation of the statute had occurred which had been a proximate cause of the accident, it might base a finding of negligence thereon.

In view of the fact that during the course of the trial the applicability of section 15 was discussed at length, we deem that the exception taken by defendants to the charge as made was sufficient to apprise the trial court of the error claimed.

Further error is claimed by reason of the exclusion from evidence of defendants' exhibit " A " for identification. It is difficult to ascertain from the record whether that exhibit was subscribed by the witness Taylor. If it, or the card (exhibit " B " for identification) was so subscribed, it would have been competent under section 343-a of the Civil Practice Act.

The judgment should be reversed and a new trial ordered, with costs to the appellants to abide the event.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.