■ OTTILIE ALBRECHT, Appellant, v. CATHERINE KARBINER et al., Respondents.— In an action to recover damages for personal injuries allegedly resulting from the negligent operation by defendant Gustav Karbiner of an automobile owned by defendant Catherine Karbiner, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 18, 1966, in favor of defendants upon a jury verdict. Judgment reversed, on the law and in the interests of justice, and new trial granted, with costs to abide the event. The findings of fact are affirmed. In this action arising out of an intersection collision, the evidence was in dispute as to whether defendants' vehicle had been brought to a complete halt at the stop sign which controlled traffic on the street along which it was proceeding and, if so, whether the vehicle had been brought to a halt at a point which afforded the driver a view of approaching traffic on the intersecting roadway. Under these circumstances, it was error for the trial court to refuse to charge, over exception, that portion of subdivision (a) of section 1172 of the Vehicle and Traffic Law which requires that a vehicle must be brought to a halt at a stop sign at a point which affords such a view (cf. Hanratty v. Bartley, 268 App. Div. 512, 514). Plaintiff originally joined her son-in-law, the operator of the vehicle in which she was a passenger, as a codefendant. The action was later discontinued as against him. The attorney for defendants, on his opening, charged that such discontinuance had been had pursuant to an agreement by which the son-in-law, in return, would testify in an attempt to establish the negligence of the remaining defendants. The cross-examination of plaintiff and her son-in-law established the fact of the discontinuance and the role played by the son-in-law in the retention of plaintiff's attorney. Such cross-examination was quite obviously intended to result in jury speculation as to a dishonest arrangement. In view of the foregoing, plaintiff should have been permitted to testify as to the factual basis for the discontinuance so as to render innocuous the highly prejudicial inference which defendants sought to establish (cf. Leonard v. Home Owners' Loan Corp., 270 App. Div. 363, 371; Raia v. Grace Line, 279 App. Div. 647, 648). Beldock, P. J., Christ, Rabin, Benjamin and Munder, JJ., concur.

■ EVE BAILER et al., Respondents, v. GODFREY P. SHELTON et al., Appellants.— Order of the Supreme Court, Westchester County, dated September 18, 1967, reversed, on the law, without costs, and plaintiffs' motion for summary judgment denied. In our opinion, it was error to grant summary judgment. Defendants are entitled to have their explanation of what caused the accident tried and determined by a jury (Rosenthal v. Monastra, 27 A D 2d 749; Pfaffenbach v. White Plains Express Corp., 17 N Y 2d 132). Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, J., concur.