■ MICHAEL·J. STANISZ, Appellant, v MANOLIS TSIMIS, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated September 27, 1982, which denied his motion for summary judgment on the issue of liability. Order reversed, on the law, with costs, and motion granted. The parties were involved in a traffic accident at the intersection of 37th Avenue and 23rd Street in Queens, New York. Plaintiff was driving his automobile in an easterly direction on 37th Avenue. Defendant was traveling northbound on 23rd Street. At an examination before trial, defendant admitted that, as he approached the intersection, he saw a stop sign on 23rd Street, facing him. He tried to stop but could not because he "couldn't control the brakes." He stated: "My brakes were going down, that's why I hit the man" and the "brakes didn't stop." In support of his motion for summary judgment on the issue of liability, plaintiff offered his own affidavit, as well as a portion of the deposition of defendant containing these statements. In opposition, defendant submitted an affirmation from his attorney. Plaintiff's motion should have been granted. The unexcused violation of a traffic law is negligence (*Martin v Herzog,* 228 NY 164). Defendant's own statements establish that he failed to stop at the stop sign, thereby resulting in the accident. Absent excuse, defendant's admission that he, in effect, violated section 1172 of the Vehicle and Traffic Law constitutes negligence (see *Albrecht v Karbiner,* 30 AD2d 545; cf. *Andre v Pomeroy,* 35 NY2d 361). While an unexpected brake failure might, in certain circumstances, provide a satisfactory excuse for failing to stop at a stop sign, it is incumbent on the offender to come forward with evidence showing that a problem with the brakes was unanticipated and that he had exercised reasonable care to keep them in good working order (*McAllister v Adam Packing Corp.,* 66 AD2d 975; *Schaeffer v Caldwell,* 273 App Div 263; *Cohen v Crimenti,* 24 AD2d 587; see *Martin v Herzog,* 228 NY 164, 170, *supra*). In this case, defendant's testimony at the examination before trial is silent as to whether any brake failure was unanticipated, and no mention is made of what measures were taken in the past to insure adequate brakes. In fact, it is not even clear, from the testimony at the examination before trial, that defendant lays the blame for the accident on defective brakes. Furthermore, in the course of his deposition defendant made an admission as follows: "Q. Did you ever see the other car before the accident happened? A. No." Since plaintiff, using defendant's admissions, established, prima facie, his cause of action in negligence, to avoid summary judgment, defendant was required to submit evidentiary facts, by affidavit or otherwise, demonstrating the need for a trial (see *Indig v Finkelstein,* 23 NY2d 728). His attorney's affidavit could not serve this purpose (see *Sutton v East Riv. Sav. Bank,* 55 NY2d 550). Defendant did not tender any proof in admissible form, nor did he offer any excuse for such failure. That being the case, and there not appearing in the record any evidence inculpating plaintiff for being contributorily negligent or excusing defendant for failing to stop at the stop sign, defendant's liability was established and summary judgment as to that issue should be awarded plaintiff (see *Zuckerman v City of New York,* 49 NY2d 557; *Behar v Ordover,* 92 AD2d 557). Gibbons, J. P., Thompson, Gulotta and Boyers, JJ., concur.