RICHARD W. PECK et al., Appellants, v TUSCAN DAIRY FARMS, INC., Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Peter Patsalos, J.), entered July 11, 1989 in Orange County, upon a dismissal of the complaint at the close of plaintiff's case.

In 1985 plaintiff was employed as a truck driver for C & D

Van Horn. The truck was used by plaintiff to pick up bulk milk at farms and haul it to defendant's facilities in New Jersey. On September 26, 1985, plaintiff was exiting State Route 17 in Orange County, making a "hairpin" turn, with a load of 45,000 pounds of milk. Plaintiff downshifted and applied the brakes. He testified that as he did so, he felt a jolt, could see the brakes lock up on the wheel in question, and felt the load shift. The tractor trailer began to jackknife and rolled over, causing him injury. On a prior occasion in July 1985, the brakes failed on the trailer when plaintiff was driving it, resulting in an accident. Although plaintiff told his employer about the failure, he drove the same vehicle four days later, when he noticed that the brake on the two tires at the front left wheel of the trailer were locking up when he applied the brakes. Plaintiff claims that, despite the efforts of defendant's maintenance people who worked on the brake, it continued to lock. Trucks are inspected weekly with the brakes checked each time. Although plaintiff contends that the locking persisted, he continued to drive the truck. Plaintiff also testified that he customarily drove over the speed limit, that he left skid marks of 183 feet at the accident, that a lock-up could be caused by applying the brakes too hard and that a load shift may cause jackknifing on sharp turns.

Following this testimony by plaintiff, Supreme Court granted defendant's motion to dismiss the complaint for plaintiff's failure to demonstrate a prima facie case of negligence, specifically for plaintiff's failure to demonstrate that any negligence on defendant's part, even if found, was a proximate cause of the accident. Judgment was entered in favor of defendant dismissing the complaint and plaintiff appeals.

Although it was possible to find that the brakes on this vehicle were not adequate under Vehicle and Traffic Law § 375, and that defendant was notified of this condition before plaintiff's accident and failed to correct it (see, Stanisz v Tsimis, 96 AD2d 838), this finding would lead only to an inference of negligence. Plaintiff must also show by a fair preponderance of the credible evidence that such negligence, if found, was a proximate cause of his accident. Plaintiff failed to do so. Plaintiff admitted the following facts: that the truck had no baffles to prevent load shifts, that shifting occurs in trailers when not fully loaded, that such shifting was especially common on sharp turns, that the exit he took was the sharpest exit on Route 17, described by plaintiff as a "hairpin" turn, that he was traveling at 60 miles per hour 500 feet before the exit and left a 183-foot skid mark, and that the

brake locking problem he had previously experienced caused no incident for the two months that he continued to drive after he discovered it. In view of these admissions, plaintiff did not sustain the burden imposed upon him in regard to the issue of proximate cause *(see, Rinaldi & Sons v Wells Fargo Alarm Serv.,* 39 NY2d 191, 194). Supreme Court, therefore, correctly dismissed plaintiff's case at the close of his proof and its judgment should be affirmed.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.