■ ANNABEL DELGADO, Appellant, v MARTINEZ FAMILY AUTO et al., Respondents. [979 NYS2d 277]—

Plaintiff was a passenger in the back seat of a taxi owned by defendant Martinez Family Auto and operated by defendant Simon Delacruz (collectively Delacruz) when it was involved in an accident with a New York City Transit Authority bus operated by Vincente Pagan, Jr. (collectively NYCTA). According to plaintiff, the accident occurred when the NYCTA bus, which was in the lane immediately to the right of the Delacruz vehicle, attempted to make a left-hand turn across the lane of traffic in which the Delacruz vehicle was traveling.

Plaintiff established her entitlement to summary judgment on the issue of liability as against Delacruz based on his violation of Vehicle and Traffic Law § 1180 (a), which provides that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to

the actual and potential hazards then existing." Plaintiff's affidavit stated that following the accident, Delacruz apologized to her for partly causing the impact by traveling 50 mph in a 30 mph zone. Delacruz's statement is admissible as a party admission (*see Bruenn v Pawlowski*, 292 AD2d 856, 857 [4th Dept 2002]; *Ferrara v Poranski*, 88 AD2d 904 [2d Dept 1982]), and is sufficient to establish a violation of Vehicle and Traffic Law § 1180 (a).*

A violation of traffic law, absent an excuse, constitutes negligence, and therefore plaintiff established a prima facie case of negligence (*see Vasquez v Christian Herald Assn.*, 186 AD2d 467, 468 [1st Dept 1992], *lv dismissed* 81 NY2d 783 [1993]; *Stanisz v Tsimis*, 96 AD2d 838 [2d Dept 1983]). The burden then shifted to Delacruz to produce evidentiary proof in admissible form that there are material questions of fact sufficient to require a trial. Delacruz neither offered an explanation or excuse for the accident nor did he deny making the statement to plaintiff (*McGraw v Ranieri*, 202 AD2d 725, 727 [3d Dept 1994] [defendant failed to raise a question of fact as he offered no explanation for his guilty plea to a vehicle violation]). Rather, he relied solely on his counsel's affirmation, which also made no reference to defendant's admission (*see Gruppo v London*, 25 AD3d 486, 487 [1st Dept 2006] [affirmation of counsel who lacks personal knowledge of the facts is insufficient to raise a triable issue of fact]; *see also Jean v Zong Hai Xu*, 288 AD2d 62 [1st Dept 2001]). Therefore, Delacruz failed to raise a question of fact regarding the circumstances of the accident.

The contention, made by the dissent, that plaintiff's motion should be denied merely because defendants have not been deposed is unconvincing as Delacruz, who possesses personal knowledge of the relevant facts, did not provide an affidavit (*see Rainford v Sung S. Han*, 18 AD3d 638, 639-640 [2d Dept 2005]; *Johnson v Phillips*, 261 AD2d 269, 270, 272 [1st Dept 1999]). Because it is Delacruz who was driving the cab and who made the statement, he does not need discovery to know when and where the statement was made or to deny that it was made at all.

*Kramer v Oil Servs., Inc.* (56 AD3d 730 [2d Dept 2008]), cited by the dissent for the proposition that Delacruz's statement to plaintiff cannot be dispositive of a summary judgment motion, is readily distinguishable. In *Kramer*, the plaintiff moved for summary judgment on the issue of liability, basing her motion, in part, on an out-of-court statement made to her by the de-

---

* Although submitted by NYCTA, we note the record also contains plaintiff's testimony given at the General Municipal Law § 50-h hearing.

fendant's employee (*id.* at 730). In contrast to Delacruz's statement, the employee's statement may not have been an admission (*see Dank v Sears Holding Mgt. Corp.*, 93 AD3d 627, 628 [2d Dept 2012] [an employee's statement is admissible against an employer only if the "statement was made within the scope of the employee's authority to speak for the employer"]). We also do not know whether the employee in *Kramer* denied making the statement or sought to explain it.

Plaintiff also established entitlement to summary judgment as against NYCTA based on its violation of Vehicle and Traffic Law § 1128 (a), which provides that "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety" (*see Stanisz*, 96 AD2d at 838). In opposition, NYCTA failed to raise a triable issue of fact.

NYCTA's argument that further discovery is needed is unavailing. There is no indication that further discovery would lead to relevant evidence on the issue of NYCTA's liability and like defendant Delacruz, the bus driver is in the best position to know whether he violated the Vehicle and Traffic Law. Although NYCTA wants discovery as to plaintiff's conduct, "it is well settled that the right of an innocent passenger to summary judgment is not in any way restricted by potential issues of comparative negligence as between the drivers of the two vehicles" (*Garcia v Tri-County Ambulette Serv.*, 282 AD2d 206, 207 [1st Dept 2001]).

Furthermore, while plaintiff may not have been wearing a seatbelt at the time of the accident, such is not a defense to liability, but instead is "limited to the jury's determination of plaintiff's damages and in mitigation thereof" (*id.*). Defendants are entitled to such discovery before a damages trial is held. Concur—Tom, J.P., Mazzarelli, Richter and Feinman, JJ.

Freedman, J., dissents in part in a memorandum as follows: I agree with the majority that plaintiff's motion for summary judgment on the issue of liability should be granted as against defendants NYCTA and Vincente Pagan, Jr. But I would affirm the denial of plaintiff's motion as against defendants Martinez Family Auto and Simon Delacruz.

In support of the motion, plaintiff submitted only her one-paragraph affidavit stating that, while she was a passenger in a taxicab owned by Martinez Family Auto and driven by Delacruz, a NYCTA bus operated by Pagan turned across the cab's lane of travel without signaling. "After the impact," plaintiff further states, "[Delacruz] apologized for partly causing the accident

because . . . he was [traveling] 50 mph in a 30 mph zone." Plaintiff's testimony that she observed the bus turning suffices to establish NYCTA's and Pagan's liability for violating Vehicle and Traffic Law § 1128 (a), and the attorney's affirmation that defendants submitted in opposition fails to raise an issue of fact that would preclude summary judgment.

However, at this stage in the proceedings, plaintiff's statement that Delacruz told her he was driving too fast, without more, is insufficient "to warrant the court as a matter of law" to direct judgment in her favor (CPLR 3212 [b]). While plaintiff's report of Delacruz's out-of-court statement might be admissible at trial as a party admission, it cannot be dispositive of a summary judgment motion, given that this case is in the early stages of discovery and neither plaintiff nor Delacruz has been deposed (*see Kramer v Oil Servs., Inc.*, 56 AD3d 730 [2d Dept 2008] [the plaintiff's affidavit that the defendant's technician told her that his actions caused an oil spill failed to satisfy the plaintiff's burden on summary judgment motion on issue of liability]). At the least, defendants are entitled to question plaintiff and Delacruz about the accuracy of the out-of-court statement plaintiff reports.

Accordingly, I would modify the motion court's order to the extent of granting plaintiff's motion as against NYCTA and Pagan and otherwise affirm the order.

