■ JUSTIN GORENKOFF, Respondent, v JOSEPH NAGAR et al., Appellants. [990 NYS2d 604]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated May 10, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On November 21, 2011, the plaintiff allegedly was injured as he alighted from a taxicab owned by the defendant Joseph Nagar and operated by the defendant Ismail A. Girgin. The plaintiff claims that as he was exiting the taxicab, the vehicle suddenly moved, and he was struck by the frame of its rear-left door, causing him to fall to the ground and sustain injuries. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability. We reverse.

In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Mackenzie v City of New York*, 81 AD3d 699, 700 [2011]), since there can be more than one proximate cause of an accident (*see Lanigan v Timmes*, 111 AD3d 797, 798 [2013]; *Allen v Echols*, 88 AD3d 926, 926 [2011]; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]).

Here, in support of his motion for summary judgment on the issue of liability, the plaintiff relied, inter alia, upon his own deposition testimony and that of the defendant taxicab driver. The plaintiff argued that the taxicab driver violated Vehicle and Traffic Law § 1162 by moving the taxicab before it was safe to do so and thus, the defendants were per se negligent. However, according to the deposition testimony of the taxicab driver, when the taxicab had reached the requested location, the plaintiff asked to be dropped off near the curb. According to the defendant taxicab driver, as he was in the process of acceding to this request, the plaintiff opened the door and attempted to exit the vehicle while it was still moving. Given the conflicting versions in the proffered testimony as to how the accident occurred, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law (*see Thoma v Ronai*, 82 NY2d at 737; *Burnett v Reisenauer*, 107 AD3d 656 [2013]; *Maiello v Kirchner*, 98 AD3d 481, 483 [2012]; *Reyes v Marchese*, 96 AD3d 926, 927 [2012]; *Fogel v Rizzo*, 91 AD3d 706, 707 [2012]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiff's remaining contention is without merit. Rivera, J.P., Roman, Sgroi and LaSalle, JJ., concur.