■ NIRMAL KAUR, Appellant, v MIGUEL A. DEMATA et al., Respondents. [999 NYS2d 99]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated July 29, 2013, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On the afternoon of March 8, 2011, a sports utility vehicle driven by the plaintiff and an 18-wheel tractor-trailer driven by the defendant Miguel A. Demata were stopped side-by-side at a red light in designated left turn lanes at an intersection in the Town of Oyster Bay. When the light turned green, both the plaintiff and the defendant driver began to make left turns. The plaintiff alleges that the defendant driver made a wide turn and crossed partially into her lane of travel, striking the rear driver's side of her vehicle. At her deposition, the plaintiff testified that she was aware that a tractor-trailer was stopped at the light in

the turn lane to her left, but that once she began her turn she was concentrating on her own driving and did not know what the defendant driver was doing. The defendant driver testified at his deposition that he was not aware that the lane to his right was also a left turn lane, and that he did not see the plaintiff's vehicle before he struck it. The plaintiff subsequently moved for summary judgment on the issue of liability, arguing that the sole proximate cause of the accident was the defendant driver's negligence in making a wide turn which caused the tractor-trailer to enter into her lane of travel. The Supreme Court denied the plaintiff's motion.

A driver is negligent if he or she violates Vehicle and Traffic Law § 1128 (a) by, inter alia, failing to drive "as nearly as practicable entirely within a single lane" (Vehicle and Traffic Law § 1128 [a]; *see Gluck v New York City Tr. Auth.*, 118 AD3d 667, 668 [2014]; *Delgado v Martinez Family Auto*, 113 AD3d 426 [2014]). However, there can be more than one proximate cause of an accident (*see Gorenkoff v Nagar*, 120 AD3d 470 [2014]; *Lanigan v Timmes*, 111 AD3d 797, 798 [2013]). Accordingly, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Cattan v Sutton*, 120 AD3d 537 [2014]; *Gorenkoff v Nagar*, 120 AD3d 470 [2014]).

Here, the deposition testimony of the parties, which the plaintiff submitted in support of her motion, was insufficient to demonstrate, prima facie, her entitlement to judgment as a matter of law. The deposition testimony raised triable issues of fact as to whether the defendant driver violated Vehicle and Traffic Law § 1128 (a) by failing to drive the tractor-trailer "as nearly as practicable entirely within a single lane," and whether negligence, if any, on the part of the plaintiff, who admitted that she was not aware of what the defendant driver was doing while she made her turn, contributed to the happening of the accident. In light of the plaintiff's failure to meet her prima facie burden, the Supreme Court properly denied her motion for summary judgment on the issue of liability, and we need not examine the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.