■ Yuk S. Tsang et al., Appellants, v New York City Transit Authority et al., Respondents. [3 NYS3d 370]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Baynes, J.), dated January 17, 2014, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is granted.

On January 17, 2012, at approximately 6:20 p.m., the plaintiffs were walking across Bath Avenue within the crosswalk, heading northbound on 25th Avenue, when they were struck from behind by a bus, registered to the defendant New York City Transit Authority (hereinafter the NYCTA) and driven by the defendant Fredric Stern. The bus had been traveling north on 25th Avenue and struck the plaintiffs when it was making a left turn onto Bath Avenue.

The plaintiffs commenced this action to recover damages for personal injuries and then moved for summary judgment on the issue of liability. The Supreme Court denied their motion.

In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Gorenkoff v Nagar, 120 AD3d 470, 470 [2014]), since there can be more than one proximate cause of an accident (see Lanigan v Timmes, 111 AD3d 797, 798 [2013]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion by submitting sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (see Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055 [2013]; Sirot v Troiano, 66 AD3d 763, 764 [2009]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants. The plaintiffs submitted evidence, including their own affidavits and transcripts of their deposition testimony and an affidavit from an eyewitness, demonstrating

that the defendant driver failed to yield the right-of-way to them, while they were crossing the street within the crosswalk with the pedestrian crossing signal in their favor. Their evidence also showed that they looked both ways before entering the crosswalk and during the course of crossing the street, and that they were hit from behind by the bus when they were approximately three quarters of the way across the street. Thus, the evidence established, prima facie, that the defendant driver violated the Traffic Rules and Regulations of City of New York (34 RCNY) § 4-03 (a) (1) (i) and that the plaintiffs were free from comparative fault (*see Brown v Mackiewicz*, 120 AD3d 1172 [2014]; *Castro v New York City Tr. Auth.*, 95 AD3d 1056, 1057 [2012]; *Cuevas v Chavez*, 94 AD3d 803 [2012]; *Kusz v New York City Tr. Auth.*, 88 AD3d 768 [2011]).

In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiffs were comparatively at fault in the happening of the accident.

The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability. Leventhal, J.P., Hall, Austin and Sgroi, JJ., concur.