■ NICHOLAS SANCHEZ, Appellant, v JAYSON MAPP et al., Respondents. [6 NYS3d 591]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sciortino, J.), dated March 21, 2014, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In support of his motion for summary judgment on the issue of liability, the plaintiff submitted, among other things, a transcript of the deposition testimony of the defendant Jayson Mapp. Mapp testified at his deposition that the plaintiff's vehicle, which was 1 to 1½ car lengths in front of his vehicle, moved to the left, touching the double-yellow line, and then suddenly turned right, without properly signaling, to make a right turn into a driveway (see Vehicle and Traffic Law §§ 1163 [b]; 1166 [a]). The front of Mapp's vehicle struck the side of the plaintiff's vehicle as it was turning into the driveway.

There can be more than one proximate cause of an accident. Accordingly, to prevail on his motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, "not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Kaur v Demata*, 123 AD3d 772, 773 [2014]; *see Thoma v Ronai*, 82 NY2d 736, 738 [1993]). Here, based upon the defendant's testimony submitted in support of the plaintiff's motion, the plaintiff failed to eliminate triable issues of fact as to whether he was free from comparative fault.

Contrary to the plaintiff's contention, he was not entitled to an inference of negligence arising out of a rear-end collision since his vehicle was not struck in the rear, and was not stopped or stopping (*cf. Le Grand v Silberstein*, 123 AD3d 773 [2014]; *Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 670-671 [2013]; *Pollard v Independent Beauty & Barber Supply Co.*, 94 AD3d 845, 846 [2012]).

In light of the plaintiff's failure to meet his prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the plaintiff's motion (see *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.