■ ANA LOPEZ, Appellant, v KENNETH J. KELLY et al., Respondents, et al., Defendant. [11 NYS3d 625]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), entered August 7, 2014, as granted that branch of the motion of the defendants Kenneth J. Kelly and Gutterman's, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Kenneth J. Kelly and Gutterman's, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff was a passenger in a vehicle operated by the defendant Joseph Gomez when it collided with a vehicle operated by the defendant Kenneth J. Kelly and owned by the defendant Gutterman's, Inc. The accident occurred when Gomez, who had been stopped in a parking lane one foot from the entrance to a parking lot, was attempting to merge into the right driving lane, and Kelly, who had been driving in the right driving lane, was attempting to make a right turn into the parking lot.

The plaintiff thereafter commenced this action against Kelly and Gutterman's, Inc. (hereinafter together the Kelly defendants), and Gomez, to recover damages for personal injuries. The Kelly defendants moved for summary judgment, inter alia, dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.

Vehicle and Traffic Law § 1162 requires that "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." Similarly, Vehicle and Traffic Law § 1163 requires that "[n]o person shall . . . turn a vehicle to enter a private road or driveway . . . unless and until such movement can be made with reasonable safety." There can be more than one proximate cause of an accident and, thus, to prevail on a motion for summary judgment, the movant must demonstrate that he or she is free from comparative fault (*see Sanchez v Mapp*, 127 AD3d 844 [2015]; *Tsang v New York City Tr. Auth.*, 125 AD3d 648 [2015]).

Here, the Kelly defendants failed to demonstrate, prima facie, that Kelly was free from comparative fault. In that respect, questions of fact exist as to whether Kelly turned into

the parking lot in an unsafe manner or when it was not safe to do so, or otherwise failed to exercise reasonable care to avoid the accident (*see Kaur v Demata*, 123 AD3d 772, 773 [2014]). Further, the parties gave conflicting deposition testimony regarding the facts surrounding the accident (*see Pollack v Margolin*, 84 AD3d 1341 [2011]; *Bonilla v Calabria*, 80 AD3d 720 [2011]).

Accordingly, the Supreme Court should have denied that branch of the Kelly defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Skelos, Roman and LaSalle, JJ., concur.