■ CHARISSA RICHARDS, Appellant, v CARL BURCH et al., Respondents. [18 NYS3d 87]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated August 15, 2014, which denied her motion for summary judgment on the issue of liability without prejudice to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

On November 21, 2012, a sanitation truck owned by the defendant City of New York and operated by the defendant Carl Burch (hereinafter the defendant driver) struck the plaintiff while she was crossing Linden Boulevard near its intersection with Van Siclen Avenue, in Brooklyn. The sanitation truck, which had been traveling north on Van Siclen Avenue prior to the accident, had been attempting to make a left turn onto Linden Boulevard.

The plaintiff commenced this action to recover damages against the defendant driver, the City, and the defendant New York City Department of Sanitation. The plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion on the basis that it was premature, since discovery had not been completed. The Supreme Court denied the plaintiff's motion without prejudice to renew upon the completion of discovery. The plaintiff appeals. We reverse.

Since there can be more than one proximate cause of an accident, in order "to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Kaur v Demata*, 123 AD3d 772, 773 [2014]; *see Thoma v Ronai*, 82 NY2d 736, 738 [1993]; *Sanchez v Mapp*, 127 AD3d 844, 845 [2015]). Once a plaintiff meets that burden, the defendant may successfully defeat the motion by submitting evidence sufficient to raise a triable issue of fact as to the plaintiff's comparative fault (*see Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants. The plaintiff submitted her own affidavit in which she averred that the defendant driver failed to yield the right-of-way to her, while she was crossing the street within the crosswalk, with the pedestrian signal in her favor. She also averred that she waited for the traffic light and the crosswalk signal to be in her favor and looked both ways before entering the crosswalk, then looked both ways again while crossing the street, and that she was hit from behind by the sanitation truck when she was approximately three quarters of the way across the street. Thus, the evidence established, prima facie, that the defendant driver violated the Traffic Rules and Regulations of City of New York (34 RCNY) §§ 4-03 (a) (1) (i) and 4-04 (b) and that the plaintiff was free from comparative fault (*see Tsang v New York City Tr. Auth.*, 125 AD3d 648, 648-649 [2015]; *Moreira v M.K. Travel & Transp., Inc.*, 106 AD3d 965, 966 [2013]; *Castro v New York City Tr. Auth.*, 95 AD3d 1056, 1057 [2012]; *Lariviere v New York City Tr. Auth.*, 82 AD3d 1165, 1166 [2011]).

In opposition, the defendants failed to raise a triable issue of fact as to their negligence or whether the plaintiff was comparatively at fault in the happening of the accident. They failed to submit an affidavit from the defendant driver or anyone with personal knowledge of the facts contesting the plaintiff's version of how the accident occurred.

Moreover, the Supreme Court erred in concluding that the plaintiff's motion was premature. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts necessary to oppose the motion are exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Suero-Sosa v Cardona*, 112 AD3d 706, 708 [2013]; *Cajas-Romero v Ward*, 106 AD3d 850, 852 [2013]; *Woodard v Thomas*, 77 AD3d 738, 740 [2010]). Here, the defendants established neither. In support of their contention that the plaintiff's motion was premature because the plaintiff had yet to be deposed, the defendants did not demonstrate what information they hoped to discover at the deposition that would relieve them of liability in this case (*see Marcel v Sanders*, 123 AD3d 1097 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850 [2013]; *Lopez v WS Distrib., Inc.*, 34 AD3d 759 [2006]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.