■ SAUNDRA POUNCEY, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [24 NYS3d 127]—

In an action to recover damages for personal injuries, the defendant appeals (1) from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated December 5, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability, and (2), as limited by its brief, from so much of an order of the same court, dated April 10, 2015, as denied that branch of its motion which was to renew its opposition to

the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order dated December 5, 2014, is reversed, on the law, and the plaintiff's motion for summary judgment on the issue of liability is denied; and it is further,

Ordered that the appeal from the order dated April 10, 2015, is dismissed as academic, in light of our determination on the appeal from the order dated December 5, 2014; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On December 22, 2013, at about 1:10 p.m., the plaintiff was driving eastbound on Park Avenue in Brooklyn when a New York City Transit Authority (hereinafter the defendant) bus collided with her vehicle at the intersection of Park Avenue and Nostrand Avenue. The plaintiff commenced this action against the defendant in May 2014. In her complaint, the plaintiff alleged that the bus entered the intersection against a steady red traffic light, without stopping or slowing down, as she was proceeding straight through the intersection with a steady green traffic light in her favor.

After issue was joined but before discovery, the plaintiff moved for summary judgment on the issue of liability, based, inter alia, upon her affidavit, wherein she stated that she entered the intersection at 25 miles per hour with a steady green traffic light in her favor, while the bus entered the intersection at 50 miles per hour. She stated that she swerved to avoid the collision, but the bus struck her vehicle, propelling it onto the sidewalk and into a fence. She also submitted photographs of the accident site, a transcript of her testimony at a hearing held pursuant to General Municipal Law § 50-h, and the police report. At the General Municipal Law § 50-h hearing, the plaintiff testified that since she had a green traffic light, the light for traffic on Nostrand Avenue was red. The police report stated that both the plaintiff and the bus driver claimed that the other vehicle "ran the light."

The defendant, in opposition, relied upon the police report and the bus driver's signed accident report, wherein the bus driver stated that he proceeded into the intersection with a green light. The plaintiff, in reply, stated that the opposition papers were insufficient because they constituted self-serving hearsay which was not in admissible form.

In the order appealed from dated December 5, 2014, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

By notice of motion dated February 11, 2015, the defendant

moved, inter alia, to renew its opposition to the plaintiff's motion, based upon an affidavit from the bus driver, wherein the bus driver stated that as he proceeded on Nostrand Avenue into the intersection, "my bus had a steady green light," while the plaintiff's vehicle "passed [a] red light" to enter the intersection. In the order appealed from dated April 10, 2015, the Supreme Court denied the motion.

"[T]o prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault" (*Kaur v Demata*, 123 AD3d 772, 773 [2014], citing *Thoma v Ronai*, 82 NY2d 736 [1993]). If the plaintiff's motion papers indicate that there are triable issues of fact, the motion should be denied (*see Sanchez v Mapp*, 127 AD3d 844 [2015]; *Kaur v Demata*, 123 AD3d at 773).

In the instant case, the police report submitted by the plaintiff in support of her motion indicated that both the plaintiff and the bus driver claimed that the other "ran the light." Therefore, the plaintiff's submissions failed to eliminate all triable issues of fact as to whether the plaintiff was at comparative fault in the happening of the accident. Although the police report contained self-serving statements not in admissible form, since the plaintiff submitted the police report in support of her motion, she waived any objection to its admissibility, and the defendant could rely upon it in opposition to her motion (*see Field v Waldbaum, Inc.*, 35 AD3d 652 [2006]; *Pech v Yael Taxi Corp.*, 303 AD2d 733 [2003]; *Raso v Statewide Auto Auction*, 262 AD2d 387 [1999]).

Since the plaintiff's motion for summary judgment was improperly granted, the question of whether the defendant's motion to renew its opposition to the motion should have been granted has been rendered academic (*see 5000, Inc. v Hudson One, Inc.*, 130 AD3d 678 [2015]). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.