Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr. (2022 NY Slip Op 00395)





Brooklyn Cancer Care Med., P.C. v Brooklyn Hosp. Ctr.


2022 NY Slip Op 00395


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2018-13022
 (Index No. 510662/17)

[*1]Brooklyn Cancer Care Medical, P.C., appellant,
v
Brooklyn Hospital Center, respondent.


Manmohan K. Bakshi, P.C., Manhasset, NY, for appellant.
Katten Muchin Rosenman LLP, New York, NY (Anthony L. Paccione and Zachary D. Denver of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 4, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the complaint and pursuant to CPLR 3211 to dismiss the defendant's objections, defenses, and counterclaims, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the third cause of action, which was to recover attorneys' fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2016, the plaintiff, Brooklyn Cancer Care Medical, P.C. (hereinafter BCC), and the defendant, Brooklyn Hospital Center (hereinafter the Hospital), entered into a professional services agreement wherein BCC, in return for a fixed sum, agreed to provide the Hospital with professional services in the specialty of hematology oncology to the Hospital's patients. After the Hospital failed to remit payment for invoices tendered by BCC for the months of December 2016 through April 2017, BCC terminated the agreement and commenced the instant action, asserting causes of action alleging breach of contract and for an award of attorneys' fees. In its amended answer to the complaint, the Hospital, inter alia, asserted a counterclaim alleging breach of contract premised on the alleged failure of BCC's physicians to provide a minimum of 32 hours per week of medical services as required by the agreement. Prior to the completion of discovery, BCC moved for summary judgment on the complaint and pursuant to CPLR 3211 to dismiss the objections, defenses, and counterclaims. The Hospital opposed the motion and cross-moved, inter alia, for summary judgment dismissing the third cause of action which was to recover attorneys' fees. In an order dated October 4, 2018, the Supreme Court, among other things, denied BCC's motion as premature and granted that branch of the Hospital's cross motion which was for summary judgment dismissing the third cause of action. BCC appeals. We affirm.
Contrary to BCC's contention, the Hospital satisfied its burden of offering an evidentiary basis to suggest that additional discovery may lead to relevant evidence, or that facts essential to opposing the motion were exclusively within the knowledge and control of BCC (see CPLR 3212[f]; Schlichting v Elliquence Realty, LLC, 116 AD3d 689; Park Edge Condominiums, LLC v Midwood Lbr. & Millwork, Inc., 109 AD3d 890; cf. Richards v Burch, 132 AD3d 752; [*2]Westport Ins. Co. v Altertec Energy Conservation, LLC, 82 AD3d 1207). Therefore, the Supreme Court did not improvidently exercise its discretion in denying, as premature, that branch of BCC's motion which was for summary judgment on the complaint (see CPLR 3212[f]; Sepulveda v Cammeby's Mgt. Co., LLC, 119 AD3d 927).
Further, the Hospital demonstrated that the plain language of the indemnification provision of paragraph 8.3 of the agreement does not make it "unmistakably clear" that the parties intended it to cover attorneys' fees incurred in litigation between them (Hooper Assoc. v AGS Computers, 74 NY2d 487, 492; see Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 204). In opposition, BCC failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Therefore, the Supreme Court properly granted that branch of the Hospital's cross motion which was for summary judgment dismissing the third cause of action, which was to recover attorneys' fees (see 1710 Realty, LLC v Portabella 308 Utica, LLC, 189 AD3d 944; Adesso Café Bar & Grill, Inc. v Burton, 74 AD3d 1253, 1253).
BCC's remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court