■ DENIA SCHEKER et al., Respondents, v VIVIENE BROWN, Appellant. [925 NYS2d 528]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated September 8, 2010, which granted the plaintiffs' motion for summary judgment on the issue of liability and the separate motion of the plaintiff Denia Scheker, in effect, for summary judgment dismissing her counterclaim.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability and the separate motion of the plaintiff Denia Scheker, in effect, for summary judgment dismissing the defendant's counterclaim are denied.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (*Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]; *see* Vehicle and Traffic Law § 1129 [a]; *Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725 [2011]). Accordingly, a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Gleason v Villegas*, 81 AD3d 889, 890 [2011]; *Klopchin v Masri*, 45 AD3d 737 [2007]).

Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating, through their deposition testimony, that their vehicle was traveling within one lane of traffic at all times when it was struck in the rear by the defendant's vehicle. In opposition, however, the defendant raised a triable issue of fact as to whether she had a nonnegligent explanation for the collision. The defendant testified at her deposition that the plaintiff driver suddenly changed lanes, directly in front of her vehicle, without signaling, and then slowed down. Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability and the plaintiff driver's separate motion, in effect, for summary judgment dismissing the defendant's counterclaim (*see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975, 976 [2010]; *Oguzturk v General Elec. Co.*, 65 AD3d 1110 [2009]; *Guerra v Cantos*, 38 AD3d 714 [2007]; *Rozengauz v Lok Wing Ha*, 280 AD2d 534 [2001]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.