In an action to recover damages for personal injuries, the defendants William Hird & Co., Inc., and Daniel Murray appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated July 27, 2011, as granted that branch of the motion of the defendants Transcare Corporation and Michael Young which was for summary judgment dismissing the complaint insofar as asserted against those defendants and that branch of the plaintiffs cross motion which was for summary judgment on the issue of liability against the defendants William Hird & Co., Inc., and Daniel Murray, and the defendants Transcare Corporation and Michael Young cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment dismissing all cross claims insofar as asserted against them.
Ordered that the appeal by the defendants William Hird & Co., Inc., and Daniel Murray from so much of the order as granted that branch of the motion of the defendants Transcare Corporation and Michael Young which was for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the defendants William Hird & Co., Inc., and Daniel Murray are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Transcare Corporation and Michael Young which was for summary judgment dismissing all cross claims insofar as asserted against them, and substituting therefor a provision granting that branch of that motion; as so modified, the order is affirmed insofar as reviewed; and it is further,
Ordered that one bill of costs is awarded to the defendants Transcare Corporation and Michael Young, payable by the *908 defendants William Hird & Co., Inc., and Daniel Murray, and one bill of costs is awarded to the plaintiff, payable by the defendants William Hird & Co., Inc., and Daniel Murray.
On October 23, 2008, on Rockaway Parkway in Brooklyn, near its intersection with Rutland Road, a van operated by the defendant Daniel Murray and owned by the defendant William Hird & Co., Inc. (hereinafter William Hird), attempted a U-turn in front of an oncoming ambulance operated by the defendant Michael Young and owned by the defendant Transcare Corporation (hereinafter Transcare), resulting in a collision. The ambulance was propelled into a parked vehicle, which then struck another parked vehicle in which the plaintiff was a passenger. The plaintiff alleges that she sustained personal injuries as a result of the defendants’ negligence.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability against William Hird and Murray by demonstrating that, while operating his employer’s vehicle, Murray was negligent in failing to see Young’s vehicle approaching and in crossing the path of Young’s vehicle when it was hazardous to do so (see Vazquez v New York City Tr. Auth., 94 AD3d 870 [2012]; Almonte v Tobias, 36 AD3d 636 [2007]; Torro v Schiller, 8 AD3d 364 [2004]).
In opposition, William Hird and Murray failed to raise a triable issue of fact as to Murray’s negligence in crossing Young’s path and failing to see Young’s vehicle. Furthermore, William Hird and Murray’s contention that their liability was not established because Murray was not issued a violation by the police at the time of the accident is without merit. Accordingly, the Supreme Court properly granted that branch of the plaintiff’s cross motion which was for summary judgment on the issue of liability against William Hird and Murray.
The defendants William Hird and Murray asserted cross claims against Transcare and Young for contribution and common-law indemnification. “The critical requirement for apportionment by contribution under CPLR article 14 is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought” (Raquet v Braun, 90 NY2d 177, 183 [1997] [internal quotation marks omitted]). “Similarly, the key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor. The duty that forms the basis for the liability arises from the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled *909 . . . to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him” (id. at 183 [internal quotation marks and citations omitted]).
The defendants Transcare and Young made a prima facie showing of entitlement to judgment as a matter of law dismissing all cross claims insofar as asserted against them by demonstrating that they were free from fault in the happening of the accident (see Astarita v Flintlock Constr. Servs., LLC, 69 AD3d 888, 889 [2010]; cf. Weitz v Anzek Constr. Corp., 65 AD3d 678, 681 [2009]). Transcare and Young established, prima facie, that they did not cause or augment the injuries for which contribution is sought and that, since it was Murray’s negligence in the operation of William Bird’s vehicle that caused the accident and the plaintiffs resulting injuries, Murray and William Hird have no right to indemnification from Transcare and Young.
In opposition, William Hird and Murray failed to raise a triable issue of fact as to the alleged negligence of the defendants Transcare and Young. Accordingly, the Supreme Court should have granted that branch of the motion of Transcare and Young which was for summary judgment dismissing all cross claims insofar as asserted against them (see Martin v Huang, 85 AD3d 1132, 1134 [2011]). Rivera, J.P., Dillon, Roman and Cohen, JJ., concur.