In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated April 25, 2012, which denied his motion for summary judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Pollard v Independent Beauty & Barber Supply Co., 94 AD3d 845 [2012]; Balducci v Velasquez, 92 AD3d 626 [2012]; Perez v Roberts, 91 AD3d 620 [2012]; Camarillo v Sandoval, 90 AD3d 593 [2011]; Kastritsios v Marcello, 84 AD3d 1174 [2011]). Here, the plaintiff established, prima facie, his entitlement to judgment as a matter of law by demonstrating that his vehicle was fully stopped at a red traffic light when it was hit in the rear by the defendants’ vehicle (see Pollard v Independent Beauty & Barber Supply Co., 94 AD3d 845 [2012]; Kastritsios v Marcello, 84 AD3d 1174 [2011]; Ballatore v HUB Truck Rental Corp., 83 AD3d 978 [2011]). In opposition, the defendants raised triable issues of fact as to whether the plaintiff was negligent in the operation of his vehicle, and whether his alleged negligence caused or contributed to the accident, through the affidavit of the defendant driver Roni J. Jaquez. Jaquez averred that the plaintiffs vehicle abruptly changed lanes, directly in front of his vehicle, and then came to a sudden stop. Accordingly, the Supreme Court properly denied the plaintiffs motion for summary judgment on the issue of liability (see Scheker v Brown, 85 AD3d 1007 [2011]; Ortiz v Hub Truck Rental Corp., 82 AD3d 725 [2011]; Reitz v Seagate Trucking, Inc., 71 AD3d 975 [2010]; Abbott v Picture Cars E., Inc., 78 AD3d 869 [2010]; Oguzturk v General Elec. Co., 65 AD3d 1110 [2009]; Guerra v Cantos, 38 AD3d 714 [2007]; Rozengauz v Lok Wing Ha, 280 AD2d 534 [2001]). Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.