■ MACK-CALI REALTY, L.P., et al., Respondents-Appellants, v EVERFOAM INSULATION SYSTEMS, INC., Defendant/Third-Party Plaintiff-Appellant-Respondent. BAYSYSTEMS NORTH AMERICA, LLC, Third-Party Defendant-Respondent. [972 NYS2d 310]—

In an action, inter alia, to recover damages for breach of contract, (1) the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered August 22, 2011, as denied its motion for summary judgment dismissing the first cause of action in the complaint and granted that branch of the plaintiffs' motion which was for summary judg-

ment dismissing its fourth affirmative defense, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was for summary judgment on the issue of liability, (2) the plaintiffs appeal, as limited by their brief, from an order of the same court entered January 6, 2012, as, upon reargument, adhered to its original determination in the order entered August 22, 2011, and (3) the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the same court entered January 9, 2012, as granted those branches of the third-party defendant's motion which were for summary judgment dismissing the second and third causes of action in the third-party complaint.

Ordered that the cross appeal by the plaintiffs from the order entered August 22, 2011, is dismissed, as the portion of the order from which the plaintiffs cross-appeal was superseded by the order entered January 6, 2012, made upon reargument; and it is further,

Ordered that the order entered January 6, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered August 22, 2011, is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant/third-party plaintiff's fourth affirmative defense, and substituting therefor a provision denying that branch of the motion; as so modified, the order entered August 22, 2011, is affirmed insofar as appealed from by the defendant/third-party plaintiff; and it is further,

Ordered that the order entered January 9, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that the third-party defendant is awarded one bill of costs payable by the defendant/third-party plaintiff.

In opposition to the plaintiffs' prima facie demonstration of entitlement to judgment as a matter of law on the issue of liability (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), the defendant/third-party plaintiff, Everfoam Insulation Systems, Inc. (hereinafter Everfoam), raised triable issues of fact as to whether it breached the parties' contract for the installation of foam insulation, and whether it "exercise[d] reasonable skill and care in performing the work" (International Fid. Ins. Co. v Gaco W., 229 AD2d 471, 474 [1996]) which allegedly caused the plaintiffs' injuries (see Zuckerman v City of New York, 49 NY2d at 562). The affidavit of Everfoam's expert, John S. Roberts, established that he possesses the "requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion

rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *see Y.H. v Town of Ossining*, 99 AD3d 760, 762 [2012]). Roberts's alleged lack of experience in the foam insulation business "is a factor which goes to the weight to be given to his [or her] opinion, and not to its admissibility" (*Espinal v Jamaica Hosp. Med. Ctr.*, 71 AD3d 723, 724 [2010]). The plaintiffs' contention that Roberts's affidavit was not in admissible form and, therefore, should not have been considered, is without merit, since "the absence of a certificate of conformity for an out-of-state affidavit is not a fatal defect" (*Fredette v Town of Southampton*, 95 AD3d 940, 942 [2012]).

Everfoam failed to meet its prima facie burden on its cross motion for summary judgment dismissing the cause of action alleging breach of contract (*see Zuckerman v City of New York*, 49 NY2d at 562). Giving the contract its plain and ordinary meaning (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]), Everfoam failed to establish, as a matter of law, that the contract provided it with an exclusive opportunity to cure any defects in the work and, therefore, it failed to establish that the plaintiffs' failure to allow it to cure constituted a breach of contract barring recovery. In light of Everfoam's failure to meet its prima facie burden, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court erred in awarding summary judgment dismissing Everfoam's fourth affirmative defense alleging that the plaintiffs failed to mitigate damages, based on its determination that "no such duty exists within the parties' contract." To the contrary, the duty to mitigate damages arising from a breach of contract is a duty that arises from common law and, therefore, need not be expressly bargained for in a contract to be enforceable (*see Holy Props. v Cole Prods.*, 87 NY2d 130, 133 [1995]; *see Hamilton v McPherson*, 28 NY 72, 76-77 [1863]). Accordingly, assuming liability, Everfoam should be entitled to limit damages, if any, if the plaintiffs failed to make "reasonable exertions to minimize the injury" (*Holy Props. v Cole Prods.*, 87 NY2d at 133).

Finally, the third-party defendant, Baysystems North America, LLC (hereinafter Baysystems), the manufacturer of the foam insulation product installed by Everfoam on the plaintiffs' property, met its prima facie burden of demonstrating its entitlement to judgment as a matter of law dismissing the causes of action seeking common-law indemnification and contribution, asserted by Everfoam against it in the third-party complaint (*see Zuckerman v City of New York*, 49 NY2d at 562). With re-

spect to the cause of action seeking common-law indemnification, Baysystems established, prima facie, that Everfoam and its agents participated in the alleged wrongdoing and that the theory of liability was not purely vicarious (*see Ruiz v Griffin*, 50 AD3d 1007, 1009 [2008]; *Kagan v Jacobs*, 260 AD2d 442 [1999]). In opposition, Everfoam failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). With respect to the cause of action seeking contribution, Baysystems established, prima facie, that the design, manufacture, and labeling of its foam insulation product did not cause or augment the plaintiffs' alleged damages (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]; *Charles v William Hird & Co., Inc.*, 102 AD3d 907, 908 [2013]). In opposition, Everfoam failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d at 562). Dillon, J.P., Chambers, Roman and Cohen, JJ., concur.