■ AMY FINNEY, as Administratrix of the Estate of ROBERT C. FINNEY, JR., Deceased, Appellant, v CHRISTOPHER A. MORTON, JR., Respondent. [7 NYS3d 508]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Forman, J.), dated January 30, 2014, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rear vehicle and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Gutierrez v Trillium USA, LLC, 111 AD3d 669, 670-671 [2013]; Pollard v Independent Beauty & Barber Supply Co., 94 AD3d 845, 846 [2012]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that the decedent's vehicle was struck in the rear when it came to a stop in the roadway (see Scheker v Brown, 85 AD3d 1007, 1007 [2011]). In opposition, the defendant raised a triable issue of fact by proffering a nonnegligent explanation for the collision. The defendant submitted his own affidavit, in which he averred, among other things, that the decedent suddenly moved his vehicle from the shoulder to the roadway directly in front of the defendant's vehicle (see Markesinis v Jaquez, 106 AD3d 961 [2013]; Scheker v Brown, 85 AD3d at 1007; Abbott v Picture Cars E., Inc., 78 AD3d 869, 870 [2010]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.