■ RONNIE CRUZ et al., Respondents, v DAVID LYNN FINNEY et al., Appellants. [49 NYS3d 153]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated February 3, 2016, which granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the affirmative defense of culpable conduct.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the affirmative defense of culpable conduct are denied.

The plaintiff driver allegedly was injured when his vehicle was struck in the rear by the defendants' vehicle. The plaintiff driver, and his wife suing derivatively, thereafter commenced this action against the defendants. The plaintiffs moved, inter

alia, for summary judgment on the issue of liability and dismissing the affirmative defense of culpable conduct. The Supreme Court granted those branches of the motion.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (*see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]; *Lisetskiy v Weiss*, 123 AD3d 775, 776 [2014]). "To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault" (*Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 22 [2015]; *see Bowen v Farrell*, 140 AD3d 1001 [2016]).

Here, the plaintiffs failed to meet their initial burden as the movants. In support of the motion, the plaintiffs submitted a transcript of the deposition testimony of the plaintiff driver and an uncertified police accident report. The plaintiff driver testified that his vehicle was stopped in traffic behind other stopped vehicles when it was struck in the rear by the defendants' vehicle. The police accident report, however, indicated that, according to the defendant driver, the plaintiffs' vehicle was traveling in reverse. Since the plaintiffs submitted the police report in support of their motion, they waived any objection to its admissibility (*see Orcel v Haber*, 140 AD3d 937, 938 [2016]; *Pouncey v New York City Tr. Auth.*, 135 AD3d 728, 729 [2016]; *Kadashev v Medina*, 134 AD3d 767 [2015]). Under these circumstances, the plaintiffs failed to establish, prima facie, that the plaintiff driver was free from comparative negligence (*see Imamkhodjaev v Kartvelishvili*, 44 AD3d 619, 620-621 [2007]; *cf. Ortiz v Calavera*, 26 AD3d 319 [2006]; *Pressner v Serrano*, 260 AD2d 458, 459 [1999]). The plaintiffs' failure to establish their prima facie entitlement to judgment as a matter of law required the denial of the subject branches of their motion, regardless of the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court should have denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability and dismissing the affirmative defense of culpable conduct. Hall, J.P., Miller, Connolly and Brathwaite Nelson, JJ., concur.