■ EUDENIJA NIKOLIC, Appellant, v CITY-WIDE SEWER & DRAIN SERVICE CORP. et al., Respondents. [53 NYS3d 684]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sampson, J.), entered April 14, 2016, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.

The plaintiff alleged that she was injured when her vehicle, which had been stopped for three seconds at a red light at the

intersection of Northern Boulevard and 157th Street in Queens, was struck in the rear by a vehicle owned by the defendant City-Wide Sewer & Drain Service Corp. and operated by the defendant Pedro J. Veliz. The plaintiff commenced the instant personal injury action against the defendants, and moved for summary judgment on the issue of liability. The Supreme Court denied the motion, and the plaintiff appeals.

A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see *Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Cruz v Finney*, 148 AD3d 772 [2017]; *Drakh v Levin*, 123 AD3d 1084, 1085 [2014]). To prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault (see *Ricciardi v Nelson*, 142 AD3d 492 [2016]; *Bowen v Farrell*, 140 AD3d 1001 [2016]; *Roberts v Zirkind*, 140 AD3d 940 [2016]). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law through the submission of her own affidavit, in which she averred that her vehicle was stopped on Northern Boulevard at its intersection with 157th Street, when it was struck in the rear by the defendants' vehicle. This affidavit demonstrated, prima facie, that Veliz was negligent and that she was not comparatively at fault in the happening of the subject accident.

In opposition, the defendants failed to raise a triable issue of fact. The evidence submitted by the defendants that the plaintiff stopped her vehicle suddenly was insufficient to raise a triable issue of fact as to whether the plaintiff's actions contributed to the happening of the accident, and it did not provide the defendants with a nonnegligent explanation for the rear-end collision (see *Cheow v Cheng Lin Jin*, 121 AD3d 1058 [2014]; *Hakakian v McCabe*, 38 AD3d 493 [2007]; *David v New York City Bd. of Educ.*, 19 AD3d 639 [2005]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.