CENECA GREENIDGE, Respondent, v UNITED PARCEL SERVICE, INC., et al., Appellants, and QUINCY CAMPBLE, Respondent. [60 NYS3d 421]—

In an action to recover damages for personal injuries, the defendants United Parcel Service, Inc., and James Earl appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 30, 2015, as granted the plaintiff's motion for summary judgment on the issue of liability against them, denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and granted the cross motion of the defendant Quincy Campble for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground of no liability, and (2) an amended interlocutory judgment of the same court dated October 20, 2015, which, upon the order, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendant Quincy Campble which was for summary judgment dismissing the complaint insofar as asserted against him is dismissed, without costs or disbursements, as the defendants United Parcel Service, Inc., and James Earl are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]); and it is further,

Ordered that the appeal from so much of the order as granted the plaintiff's motion for summary judgment on the issue of liability against the defendants United Parcel Service, Inc., and James Earl and denied the cross motion of the defendants United Parcel Service, Inc., and James Earl for summary judgment dismissing the complaint insofar as asserted against them is dismissed, without costs or disbursements, as those portions of the order were superseded by the amended interlocutory judgment; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and that branch of the cross motion of the defendant Quincy Campble which was for summary judgment dismissing the cross claims of the defendants United Parcel Service, Inc., and James Earl asserted against him is denied; and it is further,

Ordered that the amended interlocutory judgment is re-

versed, on the law, without costs or disbursements, the plaintiff's motion for summary judgment on the issue of liability against the defendants United Parcel Service, Inc., and James Earl is denied, and the order dated July 30, 2015, is modified accordingly.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on December 9, 2010, as the result of a motor vehicle accident. The plaintiff was a passenger in a car owned and operated by the defendant Quincy Campble, which was allegedly struck from behind by a vehicle operated by the defendant James Earl and owned by the defendant United Parcel Service, Inc. (hereinafter together the UPS defendants). The UPS defendants asserted cross claims against Campble for contribution and indemnification.

Following discovery, the plaintiff moved for summary judgment on the issue of liability against the UPS defendants. In support, she submitted the deposition testimony of herself and of Campble, which established that they were in a stopped car in the left lane of the Brooklyn-Queens Expressway when their vehicle was struck in the rear by Earl's vehicle. The plaintiff also submitted the deposition testimony of Earl, who testified that, just before the accident, Campble's vehicle suddenly changed lanes in front of his vehicle and then braked suddenly, leaving Earl no time to react.

Campble cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that he was not liable for the accident, relying upon the evidence and arguments submitted by the plaintiff.

The UPS defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In support, they submitted, inter alia, the affirmed report of a neurologist, who examined the plaintiff and found range-of-motion deficits in the cervical region of her spine of up to 25 percent. The UPS defendants also submitted an affirmed report from a second neurologist, who examined the plaintiff and concluded that there was a "causal relationship" between the plaintiff's injuries and the accident.

In an order dated July 30, 2015, the Supreme Court, inter alia, denied the UPS defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them, granted the plaintiff's motion for summary judgment on the issue of liability against the UPS defendants, and granted that branch of Campble's cross motion which was for summary

judgment dismissing the UPS defendants' cross claims against him. Upon the order, the court entered an amended interlocutory judgment in favor of the plaintiff and against the UPS defendants on the issue of liability. The UPS defendants appeal.

"A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault" (*Ricciardi v Nelson*, 142 AD3d 492, 492-493 [2016]; *see Nikolic v City-Wide Sewer & Drain Serv. Corp.*, 150 AD3d 754 [2017]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (*Cruz v Finney*, 148 AD3d 772, 773 [2017]; *see Nikolic v City-Wide Sewer & Drain Serv. Corp.*, 150 AD3d 754 [2017]; *Leal v Wolff*, 224 AD2d 392 [1996]). The inference of negligence may be rebutted by proof that the accident was caused by the lead vehicle's abrupt change of lanes in front of the rear vehicle, and then slowing down or coming to a sudden stop (*see Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Scheker v Brown*, 85 AD3d 1007 [2011]).

Here, although the plaintiff submitted evidence that Campble's vehicle was stopped when it was struck in the rear by Earl's vehicle, she also submitted evidence that Campble's vehicle changed lanes abruptly in front of Earl's vehicle and then came to a sudden stop. Under these circumstances, the plaintiff's submissions failed to eliminate triable issues of fact as to whether Earl was negligent, and thus, she failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against the UPS defendants (*see Markesinis v Jaquez*, 106 AD3d 961 [2013]; *Scheker v Brown*, 85 AD3d 1007 [2011]; *see also Phillip v D&D Carting Co., Inc.*, 136 AD3d 18, 23-25 [2015]). For similar reasons, Campble failed to establish his prima facie entitlement to judgment as a matter of law dismissing the UPS defendants' cross claims asserted against him for contribution and indemnification (*cf. Charles v William Hird & Co., Inc.*, 102 AD3d 907, 909 [2013]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability against the UPS defendants and that branch of Campble's cross motion which was for summary judgment dismissing the UPS defendants' cross claims asserted against him, without regard to the sufficiency of the UPS defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly denied the UPS defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The UPS defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the UPS defendants failed to eliminate triable issues of fact as to whether the plaintiff sustained a serious injury to the cervical region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the accident (*see Staff v Yshua*, 59 AD3d 614 [2009]; *cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]). Since the UPS defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Chambers, J.P., Miller, Barros and Connolly, JJ., concur.