Hewitt v Gordon-Fleetwood (2018 NY Slip Op 05024)





Hewitt v Gordon-Fleetwood


2018 NY Slip Op 05024


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-08980
 (Index No. 64850/16)

[*1]Nordia A. Hewitt, appellant, 
v
Carmelita Gordon- Fleetwood, respondent.


Hausman & Pendzick, Harrison, NY (Alan R. Gray, Jr., of counsel), for appellant.
Burke, Conway & Dillon, White Plains, NY (Michelle Piantadosi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injures, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 28, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability, with leave to renew upon the completion of discovery.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of a motor vehicle collision. The plaintiff moved for summary judgment on the issue of liability. In an order dated July 28, 2017, the Supreme Court denied the plaintiff's motion, with leave to renew upon the completion of discovery. The plaintiff appeals.
A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755). Here, in support of her motion, the plaintiff submitted an affidavit wherein she asserted that she brought the vehicle she was operating to a stop at a certain intersection, in compliance with a red traffic light, and that the vehicle was stopped for approximately five seconds before it was struck in the rear by the vehicle owned and operated by the defendant. This evidence established the plaintiff's prima facie entitlement to judgment as a matter of law. The plaintiff's affidavit established a prima facie case of negligence against the defendant, requiring the defendant to come forward with a nonnegligent explanation for the rear-end collision with the plaintiff's stopped vehicle (see Motta v Gomez, 161 AD3d 725; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d at 755; see generally Rodriguez v City of New York, _____ NY3d ______, 2018 NY Slip Op 02287 [2018]). The defendant failed to raise a triable issue of fact in opposition.
Furthermore, contrary to the defendant's contention, the plaintiff's motion for summary judgment was not premature. The defendant failed to demonstrate that discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively [*2]within the plaintiff's knowledge and control (see Figueroa v MTLR Corp., 157 AD3d 861, 863; Turner v Butler, 139 AD3d 715, 716).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court