Annan v New York State Off. of Mental Health (2018 NY Slip Op 07082)





Annan v New York State Off. of Mental Health


2018 NY Slip Op 07082


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2016-02783
2018-11799 

[*1]Amina Annan, appellant, 
v
New York State Office of Mental Health, respondent. (Claim No. 120057)


Amina Annan, Staten Island, NY, appellant pro se.
Barbara D. Underwood, Attorney General, New York, NY (Andrew W. Amend and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injures, the claimant appeals from (1) a decision of the Court of Claims (Alan C. Marin, J.), dated December 16, 2015, and (2) a judgment of the same court dated February 10, 2016. The judgment, after a nonjury trial on the issue of liability, and upon the decision, dismissed the claim.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The claimant brought a claim to recover damages for personal injuries allegedly sustained in a motor vehicle accident on September 27, 2010. The claimant was a passenger in a car which struck the rear of a van operated by Eric Perez, an employee of the defendant, New York State Office of Mental Health. The car was operated by the claimant's daughter, Zainab Annan.
At a nonjury trial on the issue of liability, the claimant and Perez gave conflicting testimony regarding the circumstances of the accident. The claimant testified that Perez's van hit the driver's side of the car and then drove around in front of the car, cutting it off. According to Perez, he was driving in the middle lane and then changed into the right lane after checking to see if it was safe to do so. Perez testified that the van was struck from the rear after he changed into the right lane. The claimant also offered the deposition testimony of her daughter, who testified that the collision occurred immediately after Perez got into the right lane because there was insufficient space in front of the car for Perez to safely change lanes in the van.
The Court of Claims dismissed the claim, finding that the claimant did not meet her burden of proving that Perez negligently caused the accident. The claimant appeals.
"A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward [*2]with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence" (Cruz v Finney, 148 AD3d 772, 773; see Chepel v Meyers, 306 AD2d 235, 237). "The inference of negligence may be rebutted by proof that the accident was caused by the lead vehicle's abrupt change of lanes in front of the rear vehicle, and then slowing down or coming to a sudden stop" (Greenidge v United Parcel Serv., Inc., 153 AD3d 905, 907; see Markesinis v Jaquez, 106 AD3d 961; Scheker v Brown, 85 AD3d 1007). However, "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (Shamah v Richmond County Ambulance Serv., Inc., 279 AD2d 564, 565; see Melendez v McCrowell, 139 AD3d 1018, 1021; Brothers v Bartling, 130 AD3d 554, 556).
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). " The credibility of the witnesses, the reconciliation of conflicting statements, a determination of which should be accepted and which rejected, the truthfulness and accuracy of the testimony, whether contradictory or not, [are] issues for the trier of the facts . . . The memory, motive, mental capacity, accuracy of observation and statement, truthfulness and other tests of the reliability of witnesses can be passed upon with greater safety by a trial judge who sees and hears the witnesses than by appellate judges who simply read the printed record'" (Healy v Williams, 30 AD3d 466, 468, quoting Barnet v Cannizzaro, 3 AD2d 745, 747). Accordingly,"[w]here the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930).
Here, contrary to the claimant's contention, the Court of Claims' determination that she failed to meet her burden of establishing that Perez was at fault in the happening of the accident was warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d at 499). The court's determination rested largely on its assessment of the credibility of the witnesses, and there is no basis to disturb that determination (see Perriello v State of New York, 106 AD3d 797).
The claimant's remaining contention is without merit.
Accordingly, we agree with the Court of Claim's determination to dismiss the claim.
DILLON, J.P., ROMAN, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court