Merino v Tessel (2018 NY Slip Op 07717)





Merino v Tessel


2018 NY Slip Op 07717


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-01749
 (Index No. 17769/14)

[*1]Magdaleno L. Merino, respondent, 
v
Michael A. Tessel, et al., appellants.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for appellants.
Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 19, 2017. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for injuries he alleges he sustained in August 2014 when the vehicle he was driving on the Gowanus Expressway in Brooklyn was struck in the rear by a vehicle owned by the defendant Michael A. Tessel and operated by the defendant Chris N. Samlan. After joinder of issue and the filing of the note of issue, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
The plaintiff is no longer required to show freedom from comparative fault in order to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Edgerton v City of New York, 160 AD3d 809). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle (see Greenidge v United Parcel Serv., Inc., 153 AD3d 905, 907; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755; Cruz v Finney, 148 AD3d 772, 773; Leal v Wolff, 224 AD2d 392, 393). However, the inference of negligence may be rebutted by evidence that the accident was caused by the lead vehicle abruptly changing lanes in front of the rear vehicle and then slowing down or coming to a sudden stop (see Greenidge v United Parcel Serv., Inc., 153 AD3d at 907; Markesinis v Jaquez, 106 AD3d 961; Scheker v Brown, 85 AD3d 1007).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. Although the plaintiff submitted evidence that his vehicle was struck in the rear by the defendants' vehicle, he also submitted the deposition testimony of the [*2]defendant driver that the plaintiff's vehicle changed lanes abruptly in front of defendants' vehicle and then came to a sudden stop. Under these circumstances, the plaintiff's submissions failed to eliminate triable issues of fact as to whether the defendant driver was negligent. The deposition testimony of the defendant driver, if true, would constitute a nonnegligent explanation for the rear-end collision into the plaintiff's vehicle (see Finney v Morton, 127 AD3d 1134). Any inconsistencies in the deposition testimony of the defendant driver, and the other evidence submitted in support of the motion, did not render the defendant driver's deposition testimony incredible as a matter of law or unworthy of belief, but rather, raised issues of credibility to be resolved by the factfinder (see generally Salako v Nassau Inter-County Express., 131 AD3d 687, 688; Frazier v Hertz Vehs., LLC, 78 AD3d 767, 768).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court