Buchanan v Keller (2019 NY Slip Op 01385)





Buchanan v Keller


2019 NY Slip Op 01385


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-06329
 (Index No. 2055/14)

[*1]Valerie Buchanan, appellant, 
v
Matthew G. Keller, et al., respondents.


Law Office of Robert S. Fader, P.C., Floral Park, NY, for appellant.
McCabe & Mack LLP, Poughkeepsie, NY (Kimberly Hunt Lee, Sarah N. Wilson, and Christina Piracci of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (James T. Rooney, J.), dated May 13, 2016. The order granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' cross motion for summary judgment dismissing the complaint is denied, and the plaintiff's motion for summary judgment on the issue of liability is granted.
The plaintiff and the defendant Matthew G. Keller were involved in a motor vehicle collision at the intersection of Route 100 and Route 138 in Westchester County. Matthew G. Keller's vehicle was owned by the defendant Lynn M. Keller. The plaintiff commenced this action to recover damages for personal injuries, and thereafter moved for summary judgment on the issue of liability. In support of her motion, she submitted a transcript of her deposition testimony, in which she testified that she was laid off prior to the accident, and had not worked since.
The defendants cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support of the cross motion, the defendants submitted the affirmation of an orthopedic surgeon, who stated that he measured the range of motion of the plaintiff's right elbow, but did not report his range-of-motion measurements or compare the measurements to what would be considered normal range of motion. The orthopedic surgeon also opined that any injury to the plaintiff's right elbow was not caused by the accident. He also noted a 2½-inch scar on the plaintiff's right elbow, consistent with surgery.
The Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint, and denied the plaintiff's motion for summary judgment on the issue of liability as academic. The plaintiff appeals.
The Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that she sustained a serious injury to her right elbow as a result of the subject accident under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614; cf. Jilani v Palmer, 83 AD3d 786, 787), and that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Tinsley v Bah, 50 AD3d 1019, 1020; cf. Anderson v Foley, 162 AD3d 965). The defendants' submissions also failed to eliminate triable issues of fact as to whether the plaintiff sustained a serious injury under the significant disfigurement category of Insurance Law § 5102(d) (see generally Maldonado v Piccirilli, 70 AD3d 785, 786).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
While the Supreme Court denied, as academic, the plaintiff's motion for summary judgment on the issue of liability, since the merits of the motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Karademir v Mirando-Jelinek, 153 AD3d 509, 510; Bonafede v Bonito, 145 AD3d 842, 843-844).
The Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. A plaintiff is no longer required to show freedom from comparative fault in order to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Merino v Tessel, 166 AD3d 760). " A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Merino v Tessel, 166 AD3d 760; Edgerton v City of New York, 160 AD3d 809). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows" (Le Grand v Silberstein, 123 AD3d 773, 774, quoting Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565).
Here, the plaintiff testified at her deposition that her vehicle was stopped at a red light when it was struck in the rear by the defendants' vehicle. This testimony established, prima facie, that the defendant driver's negligence was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312; Arslan v Costello, 164 AD3d 1408). Moreover, although the plaintiff also submitted a transcript of the defendant driver's deposition testimony, that testimony does not present a triable issue of fact. The defendant driver testified that before the accident occurred, the light turned green, and the plaintiff began to slowly move forward. The defendant driver began to accelerate, then he saw the plaintiff's brake lights go on. He testified that he "hit the brakes and hit her." In essence, his testimony amounted to a claim that the plaintiff's vehicle came to a sudden stop which, standing alone, was insufficient to rebut the presumption of negligence on the part of the defendants' vehicle (see Edgerton v City of New York, 160 AD3d at 811; Robayo v Aghaabdul, 109 AD3d 892, 893). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have denied the defendants' cross motion for [*2]summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the issue of liability.
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court