| Okrotsvaridze v Perez |
|:---:|
| 2026 NY Slip Op 30707(U) |
| February 27, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 519801/2024 |
| Judge: Kerry J. Ward |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 3 of the
Supreme Court of the State of
New York, held in and for the
County of Kings, at the
Courthouse, at Civic Center,
Brooklyn, New York, on the
27th day of February, 2026.

P R E S E N T:

**HON. KERRY J. WARD, A.J.S.C.**

---

ZAZA OKROTSVARIDZE and ANNA
MAZANISHVILI,

                              *Plaintiffs*,

              -against-

MATHEW B. PEREZ and RAYMOURS FURNITURE
COMPANY, INC.,

                              *Defendants*.

---

**DECISION/ORDER**

Index No.: 519801/2024
Mot. Seq.: 1

Plaintiff/counterclaim Defendant, Zaza Okrotsvaridze's, moves (mot. seq. 1) for summary judgement on the issue of liability pursuant to CPLR § 3212(b). Defendants Mathew B. Perez and Raymour Furniture Company, Inc., oppose the motion (NYSCEF Doc. 56).

Based on the papers before the Court, and upon due deliberation, this motion is hereby granted.

## Background and Procedural History

On the evening of July 9, 2024, Plaintiff Okrotsvaridze was operating a motor vehicle owned by co-Plaintiff Mazanishvili. At the time of the subject accident, Plaintiff Mazanishvili was seated in the front passenger seat in the aforementioned vehicle (Exhibit D, NYSCEF Doc. 44). Defendant Mathew B. Perez (hereinafter, "Defendant Driver") was operating a tractor trailer owned by Defendant Raymour's Furniture Company, Inc. (Exhibit F, NYSCEF Doc. 46). According to Plaintiff Okrotsvaridze's deposition, they were traveling on the Van Wyck Expressway in the middle lane for five to six minutes when they were rear ended by the vehicle operated by Defendant Driver (Exhibit D, NYSCEF Doc. 44). Plaintiff states that prior to the impact, there was a car driving erratically that cut them off, causing Plaintiff Okrotsvaridze to slow the vehicle down while traveling in the middle

1

[* 1]

lane (Exhibit D, NYSCEF Doc. 44). Plaintiff Okrotsvaridze applied the brakes "in a slow manner," after which the vehicle came to a stop, and was immediately rear ended by Defendants' truck (*Id.*).

Plaintiffs commenced this action by filing a Summons and Complaint with the Court on July 22, 2024 (NYSCEF Doc. 1). Plaintiffs filed an Amended Complaint on September 12, 2024 (NYSCEF Doc. 5). Issue was joined when Defendants filed a Verified Answer October 4, 2024 (NYSCEF Doc. 8). On November 27, 2024, Defendants filed an Amended Verified Answer with Counterclaim (NYSCEF Doc. 11). On February 21, 2025, an Answer was served on behalf of Plaintiff Zaza Okrotsvaridze on the Counterclaim (NYSCEF Doc. 14).

According to deposition testimony of Defendant Driver (Exhibit F, NYSCEF Doc. 46), all vehicles were traveling in the middle lane at the time of the subject accident, with Plaintiff's vehicle positioned ahead of Defendant's trailer. Defendant Driver testified that a black Tesla approached from the left lane at a high rate of speed, and then abruptly merged from the left lane into the middle lane directly in front of Plaintiff's vehicle. He further stated that there was no vehicle traveling in front of Plaintiff's vehicle at the time the black Tesla executed this maneuver. Defendant Driver testified that, upon perceiving that a collision with Plaintiff's vehicle was imminent, he undertook evasive action to avoid impact, which caused his railer to veer partially out of the middle lane (Id.). Although he maintained that he had been traveling approximately 50 to 75 feet behind Plaintiff's vehicle and had applied his breaks prior to the collision, he was unable to prevent the impact. The passenger side front bumper of his tractor trailer ultimately struck the driver side rear bumper of Plaintiff's vehicle.

According to the annexed certified police report, Defendant Driver (V1) stated that he had been traveling behind Plaintiff Okrotsvaridze (V2) when an unidentified vehicle cut in front of Plaintiff Okrotsvaridze (V2), causing Plaintiff to apply the brakes abruptly (Exhibit H, NYSCEF Doc. 48). Defendant Driver (V1) then collided with the rear of Plaintiff's vehicle (V2). The report further indicates that Plaintiff was transported to a hospital for evaluation following the incident (*Id.*).

## Law and Analysis

Pursuant to CPLR 3212, "[a] motion [for summary judgment] shall be granted if . . . the cause of action . . . [is] established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (*see* CPLR 3212 [b]; *see also Rodriguez v. City of New York*, 31 NY3d 312 [2018]). The motion for summary judgment must also "show that there is no defense to the cause of action" (*Id.*). The party moving for summary judgment must make a *prima facie* showing that it is entitled to summary judgment by offering admissible evidence demonstrating the absence of any

[* 2]

material issues of fact and it can be decided as a matter of law (*see* CPLR § 3212 [b]; *see also Jacobsen v. New York City Health and Hosps. Corp.*, 22 NY3d 824 [2014]; *see also Brill v. City of New York*, 2 NY3d 648 [2004]). In deciding a summary judgment motion, the court does not make credibility determinations or findings of fact; rather, it's function is to identify issues of fact, and not to decide them (*Vega v. Restani Constr. Corp.*, 18 NY3d 499, 505 [2012]). However, once a *prima facie* showing has been made, the burden shifts to the non-moving party to prove that material issues of fact exist that must be resolved at trial (*see Zuckerman v. City of New York*, 49 NY2d 557 [1980]).

A rear end collision with a stopped vehicle creates a *prima facie* case of negligence against the operator of the moving vehicle, thereby requiring that the operator rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Martorell v. Marcus*, 106 AD3d 883 [2d Dept. 2013]; *see also Hauser v. Adamov*, 74 AD3d 1024 [2d Dept. 2010]). In addition, when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle (*see Sayyed v. Murray*, 109 AD3d 464 [2d Dept 2013]).

If the operator of a moving vehicle cannot come forward with any evidence to rebut the inference of negligence created by the rear-end collision with the stopped vehicle, the plaintiff may properly be awarded judgment as a matter of law on the issue of liability (*see Lopez v. Minot*, 258 AD2d 564 [2d Dept 1999]). Notably, a plaintiff is no longer required to show freedom from comparative negligence to establish a *prima facie* entitlement to summary judgment (*see Rodriguez v. City of New York*, 31 NY3d 312 [2018]; *see also Merino v. Tessel*, 2018 NY Slip Op. 07717 [2d Dept. 2018]).

In the present case, Plaintiff Okrotsvaridze has established *prima facie* entitlement to summary judgment on the issue of liability, through deposition testimony and the certified police report, which attested that Plaintiff's vehicle was stopped on the Van Wyck Expressway in the middle lane for five to six minutes, when it was struck in the rear by Defendants' tractor trailer (*see Odetalla v. Rodriguez*, 165 AD3d 826 [2d Dept. 2018]).

In opposition, Defendants failed to sufficiently rebut Plaintiff's *prima facie* case. Defendant Driver's allegation that he was unable to stop in time or avoid Plaintiff's vehicle due to the erratic driving of a third, unnamed vehicle on the highway, is insufficient to create a triable issue of fact. Defendant avers in his deposition that upon observing that the impact with Plaintiff's vehicle was imminent, he pressed on his brakes in an attempt to stop, but was unable to avoid the collision, even upon attempting an evasive maneuver. While sudden stops may constitute a non-negligent

3

explanation for an accident, vehicle stops which are foreseeable under traffic conditions, even if sudden and frequent, must be anticipated by the driver behind a vehicle (*see Buchanan v. Keller*, 2019 NY Slip Op. 1385 [2d Dept. 2019]). Additionally, Defendant Driver had a duty to maintain a safe distance between his vehicle and other vehicles (*see Arslan v. Costello*, 164 AD3d 1408 [2d Dept. 2018]).

Moreover, Plaintiff does not have to be deemed free of liability to establish Defendants' liability as a matter of law (*see Rodriguez v. City of New York*, 31 N.Y.3d 312 [2018]). As Defendants' evidence does not raise a triable issue of fact as to their own liability for the accident, Plaintiff's summary judgment as to liability is warranted. Accordingly, Plaintiff/counterclaim Defendant's motion for summary judgement as to liability and for dismissal of the counterclaim is hereby granted. The issues of damages and comparative negligence, if any, are reserved for trial.

This hereby constitutes the Decision and Order of the Court.

E N T E R :

_____
HON. KERRY J. WARD, A.J.S.C.

Hon. Kerry J. Ward, A.J.S.C.

4

[* 4]